## Craft v. South Philipsburg Town Council

*Theodore Jackson,* for plaintiff; *Edward J. Thompson,* for defendant.

FLEMING, P. J., July 9, 1932.—The plaintiff, Edward Craft, seeks a writ of peremptory mandamus to compel the defendant to pay him a salary, as burgess of South Philipsburg Borough, in the sum of $40 per annum, beginning January, 1931. From the testimony taken before us we make the following

### Findings of fact

1. The Borough of South Philipsburg is a municipal corporation, situated in the County of Centre and State of Pennsylvania, and is subject to the provisions of the general borough laws of such state.

2. During the year 1929 the said Edward Craft served the said Borough of South Philipsburg as its burgess, by appointment of the borough council, to fill an unexpired term, at a salary based upon the rate of $25 per year.

3. At the general election held in November, 1929, the said Edward Craft was elected burgess of South Philipsburg Borough for a full term of four years, beginning on the first Monday of January, 1930.

4. The said Edward Craft took the oath of office as burgess of South Philipsburg Borough, as prescribed by law, on January 4, 1930, and presented his said oath to the borough council of said borough at its regular meeting held Monday, January 6, 1930.

5. The following extract appears upon the minutes of the borough council of South Philipsburg Borough under date of January 6, 1930:

"The burgess was present and asked the council for a raise in his salary, which he thinks he should have $40 a year. The matter was talked over, and on motion by Stine and seconded by Moore, that the council give Burgess Craft $40 for the year 1930. Motion carried."

6. The said Edward Craft was paid the sum of $40 as his salary for the year 1930.

7. The said Edward Craft has not been paid or tendered the sum of $40 as his salary as burgess for any year subsequent to the year 1930, but has been tendered the sum of $25 as such salary, which he has refused to accept.

8. Prior to the year 1930, and for some time prior thereto, the annual salary of the burgess of South Philipsburg Borough was $25.

## Discussion

The case presents for determination two questions, to wit: Does the provision of article three, section thirteen, of the Constitution of the Commonwealth of Pennsylvania, which provides: "No law shall extend the term of any public Officer, or increase or diminish his salary or emoluments, after his election or appointment", affect the right of a borough council to either increase or lessen the salary of a burgess after his election and qualification? The answer to this question is clearly stated in Davis *v.* Homestead Borough, 47 Pa. Superior Ct. 444, where it was held that a borough ordinance passed under the authority of the Act of April 23, 1909, P. L. 154 (repealed), fixing the salary of the burgess, is merely a municipal regulation and not a law within the meaning of article three, section thirteen, of the Constitution of Pennsylvania. Such case further holds in support of such rule that a burgess is not a public officer. We must, therefore, conclude that there was no constitutional restriction preventing the borough council of South Philipsburg Borough from either increasing or lessening Burgess Craft's compensation after his election and qualification.

The second question is: Does section 1023 of The General Borough Act of May 4, 1927, P. L. 519, which provides: "The salary of the burgess may be fixed by ordinance, to be paid from the borough treasury in monthly instalments on warrants authorized by the council. When so fixed, such salary shall not be changed during the term of the incumbent", prevent the council of the Borough of South Philipsburg from lessening, in years subsequent to 1930, the sum paid to Burgess Craft in such year, 1930?

It was held in Aliquippa Borough *v.* Hall, 21 Dist. R. 774, under the Act of May 19, 1887, P. L. 133, Sec. 1 (repealed), that a burgess whose salary is not fixed pursuant to the Act of April 23, 1909, P. L. 154 (repealed), is entitled to the same fees as justices of the peace; also that it was not mandatory upon the borough council, and was not intended, to make the office of burgess a salaried one in all cases. An examination of the several repealing acts and those enacted to replace the ones repealed fails to show any reason for varying the rules expressed in this last-cited case when considering The General Borough Act of May 4, 1927, P. L. 519, Sec. 1023. This section under consideration does not say that a salary *shall* be fixed for the burgess. It merely says that it *may*, and

then qualifies how it should be done should the council, in its discretion, decide so to act, to wit, by ordinance. The fixing of a salary for a burgess is merely discretionary with council, not mandatory. If council does not so elect, the burgess must look to fees, taxed in accord with the justice of the peace fee bill, for his emolument. If council does so elect, then, to fix a salary at all, it must do so by ordinance and, when it does it in this manner, then such salary shall not be changed during the term of the incumbent.

The legislature was not merely arbitrary and without purpose when it directed that when council elected to fix a salary for a burgess it must do so by ordinance. Taxpayers are entitled to know the disposition of public moneys, and without the enactment and publication of an ordinance excessive, and perhaps illegal, salaries could be paid to such public officials without notice or opportunity of knowledge to such taxpayers until the treasury was depleted and the municipality rendered bankrupt.

We are not passing upon the legality of the payment of $40 to Burgess Craft in 1930; or of the payment of other sums to preceding burgesses without the enactment of an ordinance. Certainly he is entitled to some compensation for his services. What that compensation is to be lies wholly in the discretion of council, the exercise of whose discretion must be had in conformity with law. If he disagrees with the sufficiency of the amount reflected by the exercise of that discretion he, or any other burgess, can resign. The court is entirely without jurisdiction to interfere with the exercise of that discretion for, as we have shown, council may legally omit provision for any salary whatsoever.

The record is wholly silent as to any ordinance fixing Craft's salary at $40. In the absence of such he is without grounds to complain. We have, therefore, reached the following

### Conclusions of law

1. A burgess is not a public officer.

2. A borough ordinance fixing the salary of a burgess is merely a municipal regulation and not a law within the meaning of article three, section thirteen, of the Constitution of Pennsylvania.

3. There is no constitutional restriction, by virtue of article three, section thirteen, of the Constitution of Pennsylvania, preventing the increasing or diminishing the salary of a burgess during his term of office.

4. The General Borough Act of May 4, 1927, P. L. 519, does not require a borough council to fix a salary for a burgess.

5. If the borough council does not elect to fix a salary for a burgess, such burgess is entitled to the same fees as a justice of the peace.

6. If the borough council elects to fix a salary for a burgess, it must be done by ordinance.

7. If a burgess's salary be so fixed by ordinance, such salary shall not be changed during the term of the incumbent.

8. The borough council of South Philipsburg Borough did not fix a salary for Edward Craft in the manner prescribed by law, to wit, by ordinance.

9. The borough council of South Philipsburg Borough may, if it so elects, fix the salary of the burgess for the year 1931 in any sum which, in its discretion, it may deem proper.

10. The petition for peremptory mandamus should be dismissed, at cost of petitioner.

### Decree

And now, July 9, 1932, the petition of Edward Craft for a writ of peremptory mandamus is dismissed, at the cost of the petitioner.

From S. D. Gettig, Bellefonte, Pa.