## McCormick, Appellant, v. Fayette Co.

*Emoluments of office—Nature of—Contract.*

Emoluments of office are not in the nature of a contract and so protected by the bill of rights and the federal constitution ; and they may be reduced by the legislature at will unless specially protected.

*Sheriff—Boarding prisoners—Allowance—Power of court.*

The Act of Feb. 14, 1867, P. L. 199, providing that sheriffs in certain counties "shall be entitled to the sum not exceeding fifty cents per day for boarding each and every prisoner confined in the jail of said county," is *in pari materia* with the Act of April 11, 1856, P. L. 314, providing that

sheriffs shall receive such allowance for boarding prisoners as may be fixed by court, not exceeding twenty-five cents per day for each prisoner, and is to be construed with it as granting to the sheriffs such sums not exceeding fifty cents as may be allowed by the court.

*Constitution—Art. 3. Sec.13—Changing emoluments of office.*

Article III, § 13, of the constitution, prohibiting any law from increasing or diminishing the salary or emoluments of any public officer after his election or appointment, does not take away the power of the court to change the emoluments of the sheriff under the Act of Feb. 14, 1867. That section is a limitation upon the power of the legislature alone. Baldwin v. Phila., 99 Pa. 164, applied.

Argued May 11, 1892.    Appeal, No. 2, July T., 1892, by plaintiff, from judgment of C. P. Fayette Co., Sept. T., 1891, No. 352, on verdict for defendant, in assumpsit by sheriff against the county to recover for board of prisoners. Before PAXSON, C. J., GREEN, WILLIAMS, MITCHELL and HEYDRICK, JJ.

The evidence was to the following effect, on the trial, before EWING, J.: At the general election held in November, 1889, the plaintiff was elected sheriff of Fayette county, and entered upon the duties of his office the first Monday of January, 1890, to serve three years. Among his duties as sheriff was that of boarding the prisoners confined in the county jail. At the time of his election the compensation for this was fifty cents per day for each prisoner, having been fixed by order of court at that rate on May 31, 1889, under the Act of April 11, 1856, and the special Act of Feb. 14, 1867. The plaintiff was regularly paid by the county commissioners at the rate of fifty cents until June, 1891. At No. 139 of March sessions, 1891, the commissioners of Fayette county presented a petition to the quarter sessions praying for a reduction of the allowance to the sheriff for boarding prisoners. A rule was granted, testimony taken and, on June 20, 1891, an order was made reducing the sheriff's compensation for boarding prisoners to forty cents per day. The commissioners refusing to pay more than that thereafter, this suit was brought to recover the difference between forty and fifty cents.

Defendant offered in evidence the record of the proceedings reducing the rate for boarding prisoners, being the petition above mentioned and the order. Objected to as incompetent and irrelevant. Objection overruled and bill sealed. [1]

The court thereupon directed a verdict for defendant. [2]

Verdict for defendant and judgment thereon; whereupon plaintiff appealed.

*Errors assigned* were (1) admission of evidence, quoting the bill of exception and order of court but not the petition; and (2) the instruction for defendant, quoting it.

*D. W. McDonald*, with him *Edward Campbell*, for appellant, cited, art. III, § 13, Const.; Apple v. Crawford Co., 105 Pa. 300; Peeling v. York Co., 113 Pa. 108.

*W. G. Guiler* and *M. M. Cochran*, for appellee, not heard, cited Baldwin v. Phila., 99 Pa. 170; Crawford Co. v. Nash, 99 Pa. 253.

OPINION BY MR. JUSTICE HEYDRICK, July 13, 1892.

By Act of April 11, 1856, it is provided "That the sheriffs of the several counties of this commonwealth, excepting the counties of Allegheny and Philadelphia, to whom are committed the custody of prisoners, shall hereafter receive such allowance for boarding said prisoners as may be fixed by the courts of quarter sessions of the respective counties, not exceeding twenty-five cents per day for each prisoner." And by Act of February 14, 1867, it was enacted "That from and after the first day of January, 1867, the sheriffs of Northampton, Fayette and Carbon counties shall be entitled to the sum not exceeding fifty cents per day for boarding each and every prisoner confined in the jail of said county." The latter Act being *in pari materia* with the former, is to be construed with it, and as granting to the sheriffs of the respective counties such sums, not exceeding fifty cents per day for each prisoner, as may be allowed by the courts of quarter sessions thereof. The terms in which the grant is made to the sheriffs imply that it is not to be a fixed sum for each prisoner for all time or for an entire official term, but that the court is to retain control over the subject, and *allow* from time to time such sums not exceeding the limit set by the legislature as under all circumstances should seem reasonable. And the industry of counsel has not discovered that the Act was otherwise construed by any of the courts before the adoption of the constitution of 1873, nor could a different construction be supported by analogy. Under the former constitution it was held that the annexation of

emoluments to an office was not in the nature of a contract and so protected as well by the bill of rights as by the federal constitution, but that the legislature might at will diminish the salaries of all public officers except the governor and judges which were specially protected: Butler v. Commonwealth, 10 Howard, 402. And upon the same principle it was held in Commonwealth v. Bacon, 6 S. & R. 322, that an ordinance of city councils reducing the salary of a mayor after the commencement of his term of office was valid. The reasons upon which the judgments in these cases were rested fully sustain the order of the court of quarter sessions of Fayette county reducing the allowance to the appellant for boarding prisoners unless the constitution of 1873 has abridged or taken away the power under which that order was made.

Section 13 of article III of that instrument is relied upon as taking away the power of the court to change the emoluments of the sheriff of Fayette county after his election. But that section is a limitation upon the power of the legislature, and upon that alone. This would be apparent from its place in the constitution if the words were of doubtful import, but they are not. The language is: " No *law* shall extend the term of any public officer or increase or diminish his salary or emoluments after his election or appointment." The word " law," as was said in Baldwin v. City of Philadelphia, 99 Pa. 164, has a fixed and definite meaning, and as here used applies only to Acts of the legislature. Hence this section does not impair the power which had been conferred upon the courts of quarter sessions at the time of the adoption of the constitution.

It follows, therefore, that the judgment must be affirmed