# Mason v. Hanover Twp. School District, Appellant.

*School law—School code—Act of May 18, 1911, Sec. 554, P. L. 309—Tax collector—Compensation—Discretion of school board—Equity—Injunction.*

1. Section 554 of the School Code of May 18, 1911, P. L. 309, providing that "in school districts of the second, third and fourth class, all school tax collectors shall be paid such commissions or compensation as may be determined by the boards of school di-

rectors," is not to be construed as vesting in the school board arbitrary discretion to be used in defiance of the public interest and without restraint; the exercise of reasonable discretion by the school board in the interest of the public is contemplated by the act, and where the school board abuses its discretion, a court of equity may interfere to protect the interests of the public.

2. Upon a bill in equity filed by a taxpayer to restrain the board of school directors of a school district of the third class from paying excessive compensation to a tax collector, it appeared that the compensation of such tax collector was fixed by the defendant directors at five per cent. of the taxes collected; that of the total levy of $121,263.21 in the district the sum of $114,721.18 was paid prior to October 1, 1912, up to which time the taxes were paid without the imposition of any penalty; that all these payments were received by the collector without any further work than was involved in giving public notice that on certain days he would attend at certain school houses, in attending at the times and places designated and in receiving taxes on such occasions and giving receipts for the same. The court found that the compensation was grossly excessive and involved an abuse of discretion on the part of the defendant directors, and restrained them from paying a compensation of more than two per cent. upon school taxes paid to the tax collector before October 1, 1912, and ten per cent. upon such taxes as might be collected by him subsequently thereto. *Held*, no error.

Argued April 16, 1913. Appeal, No. 136, Jan. T., 1913, by defendants, from decree of C. P. Luzerne Co., Dec. T., 1912, No. 1, In Equity, awarding an Injunction in case of Harry C. Mason v. School District of Hanover Township, and W. P. Lavin, Tax Collector. Before BROWN, MESTREZAT, POTTER, ELKIN and MOSCHZISKER, JJ. Affirmed.

Bill in equity for an injunction. Before STRAUSS, J.

From the record it appeared that the School District of Hanover Township was a school district of the third class.

Other facts appear by the opinion of the Supreme Court.

The court awarded the injunction as prayed for in the bill. Defendants appealed.

*Error assigned,* among others, was in awarding the injunction.

*T. F. McLaughlin,* with him *Frank A. McGuigan,* for appellants.—If there be error in the action of the school board in fixing the commission of the tax collector upon the taxes collected, it is an error of judgment on the part of the said members, and a Court of Equity is without right or power to restrain their official discretion: Douglass v. Commonwealth, 108 Pa. 559; Commonwealth v. Mitchell, 82 Pa. 343; Findley v. Pittsburgh, 82 Pa. 351; Kell v. Rudy, 1 Pa. Superior Ct. 507; Erie v. Reed, 113 Pa. 468.

A Court of Equity has no jurisdiction to supervise and direct the exercise of the official discretion of a board of school directors, where such discretion has been exercised without fraud: Roth v. Marshall, 158 Pa. 272; Sherry v. Jenks, 154 Pa. 368; Philadelphia & Reading Coal & Iron Co. v. Porter Twp. School Directors, 14 Pa. D. R. 581; State v. Cummings, 36 Mo. 263; Commonwealth v. Wenner, 211 Pa. 637; McCrea v. Pine Township School District, 145 Pa. 550; Walker's App., 44 Pa. Superior Ct. 145.

*John D. Farnham,* for appellee.—Abuse of discretion is a proper ground for the granting of an injunction against school directors: Lamb v. Redding, 234 Pa. 481.

Wharton v. School Directors, 42 Pa. 358, has certainly been so qualified by later decisions that it may be regarded as no longer stating the law.

Even when there is legislative authority to tax for a certain purpose, if the tax levied is clearly in excess of the sum required, its collection may be enjoined: St. Clair School Board's App., 74 Pa. 252; Conners's App., 103 Pa. 356; Com. v. Jenks, 154 Pa. 368; Whitehead v. School District, 145 Pa. 418.

OPINION BY MR. JUSTICE POTTER, November 7, 1913:

This is a bill in equity filed by a taxpayer of the school district of Hanover, averring that the members of the school board had, to the injury of the plaintiff and other taxpayers of the district, fixed the compensation of W. T. Lavin, the treasurer and ex-officio tax collector, at five per centum of all taxes collected by him for the school district. This rate, it was stated, would give to the tax collector a sum approximating $5,884 for his services, an amount which it is alleged would, in proportion to the services rendered, be excessive to an absurd degree. It is further set forth in the bill, that an allowance of two per cent. upon the total amount of taxes collected would be very liberal compensation to the collector for all the services required of him. Plaintiff therefore prayed for an injunction to restrain the granting of an allowance to the collector as compensation for his services, in excess of two per cent. upon the amount collected by him. A preliminary injunction was awarded, as prayed for, restraining the school board from making to the tax collector an allowance in excess of two per cent. upon taxes paid before October 1, 1912, up to which time the taxes were paid without the imposition of any penalty, and were obtained with but slight effort upon the part of the collector. After that date more effort was required to collect, and an allowance of ten per cent. upon the amounts then received, was made to the collector for his services. Upon final hearing the preliminary injunction was made perpetual.

The controversy in this case turns upon the interpretation of Section 554 of the Act of May 18, 1911, P. L. 309, 343, which is in part as follows: "In all school districts of the second, third and fourth class, all school tax collectors shall be paid such commissions or compensation as may be determined by the boards of school directors"; counsel for appellants contend that the power thus given to the boards of school directors, to determine the compensation of school tax collectors, is

absolute, and is not subject to revision by a Court of Equity. But as the court below well says, it is apparent that there must be somewhere a line of demarcation between the exercise of reasonable official discretion in fixing compensation upon the one hand, and a clear abuse of that discretion, and the unreasonable performance of duty, upon the other. No specific rate of compensation is fixed by the law. It contemplates the exercise of reasonable discretion by the school board, in the interest of the public. The language of the School Code is not, however, to be construed as vesting in the school board an arbitrary discretion, to be used in defiance of the public interest, and without restraint; as this court said, in Lamb v. Redding, 234 Pa. 481 (p. 484), "if the facts admit of no other conclusion than that the determination of the board has been influenced by other considerations than the public interests, no matter what these may have been, the law will regard it as an abuse of power, a disregard of duty, and it becomes the duty of the courts to interfere for the protection of the public."

In the present case it appears from the third finding of fact by the court below, that of the total tax levy in the district, of $121,263.21, the sum of $114,721.86 was paid prior to October 1, 1912, and that "all of these payments were received by the tax collector without any further work than was involved in giving public notice that on certain days he would be at certain school houses in the district; his attendance at these school houses on the days designated not to exceed twelve, receiving taxes and giving receipts for the same." And in the ninth finding of fact it is stated that "The rate of compensation, to wit: 5 per cent. of taxes collected, fixed by the defendant directors, was not the result of careful consideration of the conditions, but was arbitrarily determined, is grossly excessive and involves an abuse of discretion on the part of the defendant directors. A compensation of more than 2 per cent. upon school taxes paid to the tax collector on or before October 1, 1912,

and 10 per cent. upon such taxes as may be collected by him subsequently thereto is excessive."

Our examination of the evidence has satisfied us that the conclusions reached, and thus stated by the court below, are amply justified, and that the amount of compensation which the school board attempted to allow the tax collector was out of all reasonable proportion to the services rendered. That being so, the court below was fully justified in assuming jurisdiction, and in taking action as it did, to protect the interests of the public. It is apparent that a school board actuated by a proper sense of its responsibility, will not waste the public funds in the award of excessive compensation to a tax collector. Yet, as the court below finds, that is just what was done in this case.

The findings of fact, and the evidence upon which they rest, leave us in no doubt that in fixing the rate of compensation of the tax collector, the school board lost sight of its obligation to protect the public interest. We cannot regard its action as the exercise in good faith of reasonable discretion. In none of the assignments of error is there any merit.

The appeal is dismissed, and the decree of the court below is affirmed.