# Sefler, Appellant, *v.* Borough of McKees Rocks.

*Boroughs—Act of May 21, 1913, P. L. 284—Tax collector—Compensation—Discretion of borough council—Equity.*

1. A borough council has full authority to fix the compensation of a tax collector under the provisions of the Act of May 21, 1913, P. L. 284.

2. An ordinance duly passed by a borough council reducing the commissions of a tax collector is a proper exercise of its authority, and is not such abuse of discretion as would justify the interference of a court of equity.

3. Section 13, Article III, of the Constitution of Pennsylvania, providing that no law shall increase or diminish the emoluments of any public officer after his election or appointment, refers to the acts of the legislature, and the action of a borough, in reducing the compensation of a tax collector by ordinance, is not in violation of the Constitution.

Argued May 7, 1919. Appeal, No. 32, April T., 1919, by plaintiff, from decree of C. P. Allegheny Co., Oct. T., 1916, No. 1560, in equity dismissing bill of complaint in case of E. A. Sefler v. The Borough of McKees Rocks, Jacob Herbst, Burgess; William Gast, S. H. Morgan, Chas. Nauman, Samuel Werling, Jeffrey Davis, D. J. Redding and Charles H. Langhurst, Members of the Town Council of the Borough of McKees Rocks, W. J. Caughey, Secretary of the Borough of McKees Rocks, and

Wm. J. Booth, Treasurer of the Borough of McKees Rocks. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, WILLIAMS and KELLER, JJ.    Affirmed.

Bill in equity to restrain the defendants from interfering with plaintiff as tax collector in collecting and retaining his compensation on tax at the rate of 3 1-3 per cent, on the amount collected under the ordinance of December 30, 1915.    Before EVANS, J.

The facts appear from the following findings of fact and conclusions of law:

First. The plaintiff was at the time of filing this bill tax collector for the Borough of McKees Rocks. He was appointed tax collector in the month of February, 1909, and elected the same month, and reëlected at the November election of 1913 for the term of four years. Up until 1915 his compensation for the collection of taxes was the commission provided for in the Act of 1885, namely, two (2%) per cent upon the amount collected, on which a discount was allowed, and five (5%) per cent on the remainder.

Second. On February 30, 1915, the councils of the borough passed an ordinance, which was approved by the burgess, fixing the compensation of the tax collector for the years 1915, 1916 and 1917 at three and a half (3½%) per cent upon the amount collected.

Third. At an adjourned meeting of council on the 30th of June, 1916, an ordinance was introduced and passed under suspension of the rules at that meeting repealing the ordinance of December 30, 1915, and fixing the compensation of the tax collector for the collection of taxes for the year 1916 at two (2%) on the amount collected. That ordinance was presented the following morning by the clerk of council to the burgess, who immediately returned the ordinance to him stating that he would neither approve or disapprove it.

Fourth. The next regular meeting of councils was on the 3d of July, 1916. At that meeting of council the

burgess gave no communication to council upon the subject of this ordinance, except his oral statement to the clerk at the time of the presentation of the ordinance to him.

Fifth. On the 13th of July the ordinance was published in the McKees Rocks Gazette, and by handbills, with the following statement:

"This ordinance having been presented to the burgess, has been returned by him without either his approval or disapproval, and is therefore published according to the acts of assembly of the Commonwealth of Pennsylvania in such cases made and provided."

Sixth. At the regular meeting of August 7, 1916, the burgess sent a communication to council discussing the ordinance of June 30th, and closing with the following:

"Therefore, I return the ordinance numbered 678 without my approval.

"(Signed)  Jacob Herbst,
"Burgess."

Seventh. Plaintiff filed his bond as tax collector for the year 1916 on April 4th of that year, which bond was approved by the court of quarter sessions, and on the 29th of July the tax duplicate of the borough for the taxes for 1916 was delivered to the collector.

Eighth. The plaintiff after the passage of the ordinance of December 30, 1915, accepted that ordinance as tax collector.

Ninth. The commissions of the tax collector at 3½ per cent as provided by the ordinance of December 30, 1915, is about twenty per cent more than the commissions allowed by the Act of June 25, 1885, and the commissions at 2 per cent as fixed by the ordinance of June 30, 1916, is about twenty per cent below the commissions as fixed by the Act of June 25, 1885.

### CONCLUSIONS OF LAW.

First. The passage of the ordinance of December 30, 1915, and the acceptance of that ordinance by the tax

collector did not constitute a contract between the collector and the Borough of McKees Rocks.

Second. The ordinance of June 30, 1918, was regularly passed by council, and not being returned by the burgess at the next regular meeting, to wit, the meeting of July 3d, with his disapproval, the ordinance became a law upon its publication.

Third.    The bill should be dismissed at the costs of the plaintiff.

### DISCUSSION.

It is contended by counsel for the plaintiff that the acceptance by the tax collector of the ordinance of December 30, 1915, constituted a contract between the collector and the borough, and that the ordinance of June 30, 1916, was ineffective to affect that contract.   A sufficient answer to that contention is a reference to the case of Commonwealth v. Bacon, 6 S. & R. 322, in which the Supreme Court rules that the fixing of the compensation of a municipal officer or any other officer with the State, or any subdivision of the State, is not a contract, and for the very good reason that the officer is not compelled to serve out his term and may resign at any time he sees fit.

It is also contended by the plaintiff that the ordinance of June 30, 1916, violates Article III, Section 13, of the Constitution of this State, which provides that : "No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appoinment." That question has also been decided in Commonwealth v. Bacon, supra, and in several other subsequent cases, which hold that the prohibition of the constitution refers to acts of the legislature and not to ordinances of municipalities.   The ordinance of June 30, 1916, was regularly passed by council.   This was not a special meeting, of which notice had to be given of the subjects which would be taken up.   It was an adjournment of a regular meeting, and the ordinance was passed under suspension of the rules.   The next regular meeting

was July 3d, and at that meeting it was the duty of the burgess, if he desired to disapprove this ordinance, to return it to council with his disapproval.  He did not do so, and consequently the ordinance became a law as soon as it was published.

This reduces the question involved in this case to the one question as to whether the ordinance of June 30, 1916, fixing the compensation of the tax collector is an unreasonable exercise of a power expressly given to council, and whether this court has any jurisdiction to pass upon that question.  The Act of May 21, 1913, P. L. 284, amending Section 9 of the Act of June 25, 1885, provides as follows:

"The collector of taxes shall collect the taxes charged in said duplicates, and pay over the same to the respective treasurers or authorities entitled thereto, after deducting his commission for the collection thereof.  Such commission shall be fixed by the authorities of the respective boroughs or townships, and shall not exceed five per centum of the amount collected."

Nothing could be more specific than that council for the Borough of McKees Rocks had full authority to fix the compensation of the tax collector.  No appeal is given to a person aggrieved to the court of common pleas, and notwithstanding the decision of the court in Mason v. Hanover Twp. School District, 242 Pa. 359, which is urged by counsel for the plaintiff as authority for sustaining the jurisdiction of the court of equity in this case, I am firmly of the opinion that equity has no jurisdiction.  It is a different proposition for a court of equity to step in and protect the public against the clear breaches of duty by an officer and for equity to determine what would be a reasonable compensation for a public officer on his petition.

But passing the question of jurisdiction for the present, this court is asked to say that the fixing of the commissions of the tax collector at two per cent was an abuse of authority conferred on council.  Even if this court has

jurisdiction, it would not interfere with the authority of council which has been expressly given to it, unless the abuse of that authority was clear. And what is the situation here? Council by ordinance of December 30, 1915, fixed the compensation of this plaintiff at 3½ per cent on the amount collected. That gave him about twenty per cent more than he would have received under the Act of 1885, and, it may be stated, that he had made no objection to the compensation as fixed by the Act of 1885; he had been working under the act for five years. Council by ordinance of June 30, 1916, fixed his compensation at about twenty per cent less than the compensation fixed by the Act of 1885. It was about a month after the passage of that ordinance before the tax duplicates were given to him by the clerk. It is true that he had filed his bond, but he had incurred no obligations on account of that bond, and if the compensation fixed was not satisfactory and he did not think it was sufficient, he was not compelled to accept the tax duplicates. But is it for this court to say that because the borough council fixed the compensation at twenty per cent below the amount as fixed by the Act of 1885 there was an abuse of discretion, any more than to say that when council fixed the compensation at 3½ per cent, which was about twenty per cent above the compensation as fixed by the Act of 1885, there was an abuse of discretion? It is not such a clear abuse of discretion as would justify the court of equity in interfering. This bill should be dismissed.

The court dismissed the bill at the costs of the plaintiff. Plaintiff appealed.

*Errors assigned* were various findings of fact and conclusions of law and the decree of the court.

*Edward F. Duffy,* for appellant.

*George C. Bradshaw,* and with him *D. J. Buckley* and *Thompson & Bradshaw,* for appellee.

81, (1919).]           Opinion of the Court.

PER CURIAM, July 17, 1919:

The opinion of the court below fully and clearly disposed of the question raised by the appellant, and the conclusion reached is supported by many authorities. There was not such a clear abuse of discretion on the part of the borough councils in fixing the appellant's compensation as would justify a court of equity to interfere.

The decree is affirmed.