## Miller, Appellant, *v.* School District of North Versailles Township et al.

Argued April 24, 1936.

Before KELLER, P. J., CUNNINGHAM,

BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*M. E. Evashwick*, for appellant.

*Charles L. McCormick*, School Solicitor, for appellees.

OPINION BY RHODES, J., July 10, 1936:

This is an appeal from an order of the court below sustaining preliminary objections to an amended bill in equity, wherein the appellant, Jane M. Miller, was the plaintiff, and the school district of North Versailles township, members of the board of school directors, and the officers thereof were the defendants.

The amended bill, to which an answer raising preliminary objections was filed, set forth that the appellant was elected township treasurer on November 7, 1933, and thereby became ex officio collector of the school tax for the school district of North Versailles township, beginning with the year 1934; that on October 5, 1933, the board of school directors of the said school district, by resolution, fixed the compensation for the collection of school taxes at 2 per cent of all taxes collected for the year 1934; that this action was taken pursuant to article V, §554, of the Act of May 18, 1911, P. L. 309 (24 PS §605); that the tax collector's commission for the collection of school taxes

for the years 1930, 1931, 1932, and 1933 had been at the rate of 3½ per cent; that the compensation of the appellant, fixed at the rate of 2 per cent, is absurdly deficient and unreasonably inadequate for the amount of work required; that a commission of 5 per cent is a fair, just, and reasonable commission to be paid to the appellant as tax collector. It also appears from the bill that appellant had given bond and accepted the tax duplicate for the year 1934, without protesting the rate of commission fixed by the board, and had proceeded with the collection of the taxes according to the duplicate. The original bill in equity was filed on December 4, 1934, and the bill as finally amended was filed on February 21, 1935.

The prayer of the bill was that the resolution of the board of school directors of the school district of North Versailles township, adopted October 5, 1933, fixing the appellant's commission at 2 per cent of the school tax collected for the year 1934, be declared null and void, and that a fair, reasonable, and just compensation for the services rendered by the appellant be fixed by the court.

Prior to the election of the appellant on November 7, 1933, the board of school directors of the school district of North Versailles township, by resolution, on October 5, 1933, fixed the commission for the collection of school taxes for the year 1934 at 2 per cent of all taxes collected. The bill in equity does not contain any averment to the effect that the appellant had no knowledge of this resolution fixing the compensation at 2 per cent of the taxes collected for the year 1934. She filed her bond and received the tax duplicate. She raised no question at the time of the acceptance of the duplicate as to the inadequacy of the compensation fixed by the board. She made no protest that a 2 per cent commission was absurdly deficient and unreasonably inadequate. If the appellant was not satisfied

with the compensation fixed and was of the opinion that it was insufficient, she was not obliged to accept the tax duplicate for the year 1934. See *Sefler v. Borough of McKees Rocks*, 72 Pa. Superior Ct. 81, at page 86. However, she accepted the duplicate, without protest, and proceeded to collect the tax.

The appellant states that the sole question for determination on this appeal is the validity and the legality of the action of the school board in reducing the tax collector's commission from 3½ per cent to 2 per cent of all taxes collected. Under the Act of May 18, 1911, P. L. 309, art. V, §554 (24 PS §605), the board of school directors of the school district of North Versailles township, which is a third class school district, shall determine the commission or compensation to be paid to the school tax collector. This the board did; and the compensation was fixed before the duplicate was delivered to the appellant as collector for the year 1934. Although the rate had been fixed at 3½ per cent for certain previous years, this did not prevent the board from fixing another and lesser rate for the year 1934. Such act, in itself, discloses no abuse of discretion nor an unreasonable performance of duty on the part of the board.

Appellant cites as authority for her contention the case of *Mason v. Hanover Township School District et al.*, 242 Pa. 359, 89 A. 552. In that case the bill in equity was filed by a taxpayer of the school district to restrain the school board from paying excessive compensation to the tax collector. The court found that the compensation fixed was grossly excessive and that the action of the defendant directors was an abuse of discretion. The court restrained them from paying a compensation of more than 2 per cent of school taxes paid to the tax collector before a certain date, without imposition of any penalty or special effort on his part, and 10 per cent of such taxes as might be collected by

him subsequently thereto. In the case of *Ritzman et al. v. Coal Township School Directors et al.*, 317 Pa. 271, 176 A. 447, the plaintiffs as taxpayers filed their bill against the school directors of Coal township and others. This case likewise involved, inter alia, alleged excessive compensation to the tax collector for the services rendered. We do not find that these cases are any authority for appellant's contention.

An examination of the bill does not disclose to us any facts to sustain the argument of the appellant that the action of the school board was motivated by considerations other than those of public interest. The school board complied with the Act of 1911 and fixed the compensation of the appellant as collector of school taxes for the year 1934. This was done a month before the election of the appellant. The appellant thereupon filed her bond, accepted the tax duplicate, and proceeded to collect the tax. She raised no objection and made no protest. Her actions were certainly an implied acceptance of the compensation fixed by the board. If she was dissatisfied with the compensation fixed, she could have refused to accept the duplicate, or she could have made a protest and have had the matter brought to a proper issue. The bill in equity is plainly devoid of such averments as would warrant the court's entertaining it. The action of the court below was proper.

The appeal is dismissed, and the order of the court below is affirmed. Costs are to be paid by the appellant.