McKinley *v.* Luzerne Township School District (et al., Appellant).

Argued October 10, 1955. Before STERN, C. J.,
STEARNE, JONES, MUSMANNO and ARNOLD, JJ.

*Anthony Cavalcante,* with him *Thomas A. Waggoner, Jr.,* and *J. E. Ferens,* for appellant.

*Jos. W. Ray, Jr.,* with him *David E. Cohen,* for appellees.

OPINION BY MR. CHIEF JUSTICE HORACE STERN, November 28, 1955:

This appeal is from a decree of the court below reducing the compensation of a tax collector fixed by the

Board of School Directors of a Third Class School District.

Appellant, Donald Broadwater, has been the tax collector of Luzerne Township, Fayette County, since January, 1950. Previously thereto the compensation of the collector of school taxes for that School District had been 2½% of the collections, and by virtue of that allowance the collector had received for the year 1949 $4,621.44, which, together with his compensation from the County and the Township of $4,890.78, gave him a total income of $9,512.22. In 1950 the rate of commission was raised to 4% and in 1951 to 5%, at which it was continued for the years 1951, 1952 and 1953. On March 7, 1953, it was again fixed by the School Board at that rate for the collector's then succeeding four-year term. In November, 1953, Broadwater was re-elected for a term of 4 years. A new School Board having been appointed in February, 1954, to succeed others who had been removed by the court for wilful neglect and refusal to perform certain mandatory duties required of them by the Public School Code, this new Board, on May 26, 1954, heard a protest by a representative of the Taxpayer's Association against continuing the rate of commission at 5%, but the Board refused to make any reduction and adopted a budget for 1954-1955 which provided for an appropriation of $9,000 to cover the payment at that rate. Thereupon plaintiffs, who are resident taxpayers of the School District, filed a complaint in equity praying the court to nullify the action of the School Directors. Hearing having been held, the court entered a decree that the resolution of the School Board of March 7, 1953, fixing the compensation of the tax collector at 5% of his collections for the then next succeeding four-year term was null and void, and it ordered that an injunction issue restraining the School Directors from allowing or

paying and the tax collector from receiving or retaining as compensation for his services any sum or sums in excess of 2½% of taxes collected during the discount periods and 5% thereafter. It is from that decree that Broadwater has taken the present appeal.

Two questions are here presented for consideration; one, whether the court had power to change the rate of commission after the election and qualification of the tax collector, and the other, whether the Board of School Directors abused its discretion in fixing the commissions in an amount equal to 5% of the taxes collected.

As to the first of these questions, appellant points out that by §36.1, added by the Act of May 16, 1951, P. L. 314, §2, to the Act of May 25, 1945, P. L. 1050, it is provided that when any taxing district or taxing authorities propose to either raise or reduce the compensation or salary for the office of an elected tax collector, such action shall be by ordinance or resolution, finally passed or adopted at least ten days prior to the last day fixed by law for candidates to withdraw their names from nomination previous to the day of the municipal election. In view of that ten-day provision, the Board of School Directors could not have reduced Broadwater's compensation by ordinance or resolution later than August 21, 1953, and therefore any such action taken on May 26, 1954, would obviously have been unlawful. It is clear, however, that the limitation imposed by the statute applies only to action by the taxing district or tax authorities, that is to say, by the Board of School Directors, and not to action by the court. Nor is the court's decree violative of Article III, Section 13, of the Constitution of Pennsylvania, which declares that "No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment," since

that provision applies only to a *law,* which means an act of the legislature, and not to action by any municipal or local authority: *Baldwin v. City of Philadelphia,* 99 Pa. 164; *County of Crawford v. Nash,* 99 Pa. 253; *McCormick v. Fayette County,* 150 Pa. 190, 24 A. 667; *Sefler v. Borough of McKees Rocks,* 72 Pa. Superior Ct. 81.

It is urged by appellant that because notice of the School Board's budget for the school year 1953-1954 which provided for the 5% commission was published before adoption thereof and no protest was made or adverse action taken it could not thereafter be assailed. There is no merit in this contention. The lack of such a protest is not a bar, by statute or otherwise, to a subsequent attack in court, nor is there any statute of limitations preventing or in any manner affecting the institution of the present proceedings.

This brings us to the second question, namely, whether the court was justified in ordering the Board of School Directors to reduce appellant's compensation as directed in its decree. That the court had the *power* to take such action has long been firmly established. While the Act of May 25, 1945, P. L. 1050, §35, provides that in the case of school district taxes the commission or compensation of the tax collector shall be determined by the board of school directors, and while the court may not merely substitute its judgment for the Board's exercise of its discretionary power, there is no doubt but that, when it clearly appears that the directors were guilty not merely of an error of judgment but of a misapplication of law, or a clear abuse of discretion, or arbitrary and capricious action of any kind resulting in an unlawful expenditure of public funds, the court may and should intervene for the protection of the public: *Mason v. Hanover Township School District,* 242 Pa. 359, 89 A. 552; *Ritzman v.*

*Coal Township School Directors,* 317 Pa. 271, 176 A. 447; *McLaughlin v. Lansford Borough School District,* 335 Pa. 17, 6 A. 2d 291.

It has already been stated what Broadwater's predecessor obtained as compensation for 1949. Under the increase made after Broadwater was elected to the office he received for 1950 almost double that amount, namely, $8,868.77; his total compensation for that year, including what he received from the Township and the County, amounted to $16,221.65; for 1951 he received $11,178.20 from the School District and a total of $18,484.18; for 1952, $10,595.26 from the School District and a total of $17,371.64; for 1953, $9,166.25 from the School District and a total of $15,724.90, making an annual average for those four years of $9,952.12 from the School District and total of $16,950.59. The School District also pays the expenses for the premium on his bond and his outlays for postage and printing. The court found that the School Directors, in fixing the collector's compensation at 5%, were guilty of an abuse of discretion, that they had acted arbitrarily and capriciously, that the compensation they allowed was wholly disproportionate to the amount of work involved and was grossly excessive, that since 1949 at least 75% of all the taxes collected in the Township had been and still were being paid by five large coal companies, the collection of which required no effort or solicitation by the collector beyond sending out the annual tax notices, receiving the amount of the taxes, signing receipts, and endorsing and depositing the checks therefor. The court pointed out that the salary of the County Commissioners themselves was only $8,000 a year or about half that allowed to the tax collector by the School District, the Township and the County, and that the duties of a township tax collector were certainly not more onerous than theirs. The col-

lector's compensation was not only in excess of that paid by the State to the Judges of the Court of Common Pleas of Fayette County but it was also nearly twice the average amount received by collectors in Third Class School Districts. The court therefore concluded that the maximum of the compensation payable to the tax collector of the Luzerne Township School District should not exceed 2½% of taxes collected during the discount periods and 5% thereafter, and in view of the facts established by the testimony that decision is eminently justified and should not be disturbed.

Decree affirmed at the cost of appellant.

---

DISSENTING OPINION BY MR. JUSTICE MUSMANNO:

I would reverse in this case because the lower Court reduced the tax collector's rate of compensation after he had been elected to an office which had attached to it a specific compensation fixed by law. It is not fair to alter the nature of a proclaimed reward after it has been legitimately won in the assizes of democratic competition. An instinctive sense of fairness would recoil at the prospect of a gridiron decision which would prohibit the use of forward passes after one of the teams had gained a scoring advantage by the use of that aerial device. But the aversion to a change of rules after the game has begun is not limited to the sports field. It is grounded in fundamental ethics which is intended to be the foundation of jurisprudence.

The law abhors or should abhor retroactivity. One should be rated today according to the norms of today and not by the standard of tomorrow when circumstances may have completely altered the dimensions, the atmosphere, and the equipment of the shop or office in which one performs his appointed tasks. The

Luzerne Township School Board fixed the tax collector's compensation at a meeting held on March 7, 1953. In the succeeding campaign for that office, all candidates strove for election on the assurance that the compensation of the office would be 5% on tax collections. Changing the rate of pay after the election is, it seems to me, an act as improper as would be a decision changing the character of the office after election and qualification.

The Amendment of May 16, 1951, P. L. 314, to the Local Tax Collection Law, 72 PS §5511.36a, provides: "When any taxing district or taxing authorities propose to either raise or reduce the compensation or salary for the office of an elected tax collector, such action shall be by ordinance or resolution, finally passed or adopted at least ten days prior to the last day fixed by law for candidates to withdraw their names from nomination previous to the day of the municipal election."

The purpose of this Act obviously is to permit a prospective candidate to withdraw his candidacy in the event he is not satisfied with the amount of compensation adhering to the office he seeks. Donald Broadwater had every reason to assume, by the operation of law and the immutable tables of the calendar that there would be no change in the rate of compensation after election day, should he be fortunate enough to win in the electoral contest. He thus remained in the race and on November 3, 1953, received the votes which made him the tax collector of Luzerne Township of Fayette County. He took office on the first Monday of January, 1954. Nine months later the proclaimed edict of the School Board was wiped out; the solemn promise of a constitutional legal body was treated as a thing of naught. The fact that this repudiation was done by a court of law does not modify the inequity of the abrogation.

The rather extensive discussion in the Majority Opinion of comparison between the pay of county commissioners, and even judges, with that of a tax collector is, I respectfully submit, entirely irrelevant. If a constitutional body decides that the person who gathers the harvest which feeds the government over which it has jurisdiction should receive 5% of what he garners, it is not for another legal body to complain that the reaper is receiving more than the members of the reviewing body.

I do not question that the Court would have had jurisdiction over the subject matter if the litigation had been launched within the period of statutory limitation already mentioned.