## Etzel v. Baldwin School District

440

*Louis C. Glasso*, for plaintiff.

*Paul, Lawrence & Rock*, for defendant.

WEISS, J., March 13, 1963.—This is an action in assumpsit brought by plaintiff, the elected tax collector of defendant school district, to recover commissions allegedly due him. Basically, the facts are not in dispute. Plaintiff is the elected tax collector for the Borough of Baldwin. On May 21, 1957, plaintiff was nominated in the primary election as the Democratic candidate for tax collector. On July 10, 1957, the Board of School Directors of Baldwin Township passed a resolution fixing the compensation for the school district tax collector beginning the first Monday of January, 1958, at one percent with a maximum per year of $6,000. Prior to this resolution, the compensation was a flat one percent with no maximum.

Plaintiff was elected the tax collector on November 6, 1957. He claims that the action of the school board was invalid under the 1951 amendment to the Local Tax Collection Law of 1945, which provides:

"When any taxing district or taxing authorities propose to either raise or reduce the compensation or

salary for the office of an elected tax collector, such action shall be by ordinance or resolution, finally passed or adopted at least ten days prior to the last day fixed by law for candidates to withdraw their names from nomination previous to the day of the municipal election": Act of May 25, 1945, P. L. 1050, sec. 36.1, as amended, 72 PS §5511.36a.

Defendants have filed preliminary objections in the nature of a demurrer. It is agreed that the issue before the court is whether the Local Tax Collection Law of 1945, as amended, provides that a resolution changing a tax collector's compensation must be adopted within a fixed period of time prior to the election held in November or within a fixed period of time prior to the election held in May.

Plaintiff claims that the phrase "municipal election," as used in the Local Tax Collection Law, refers to any election held in an odd-numbered year: Act of June 3, 1937, P. L. 1333, 25 PS §2602. But does that mean the primary election held in May or the final election held in November? The Election Code provides:

"The municipal election shall be held biennially on the Tuesday next following the first Monday of November in each odd-numbered year. All . . . school district . . . officers shall be elected at the municipal election. . . .": Act of June 3, 1937, P. L. 1333, art. VI, sec. 602, as amended, 25 PS §2752.

The language of this section clearly indicates that the municipal election refers to the November election. This interpretation is buttressed by the language of a subsequent section of the Election Code which states when a municipal primary should be held.

Section 604, as amended, reads:

"There shall be a *Municipal primary preceding each municipal election which shall be held on the* third Tuesday of May in all odd-numbered years. . . .": 25 PS §2754. (Italics supplied.)

Thus, there seems to be a *distinction* between a *municipal primary* and a *municipal election*. The former is held in May of the year and the latter is held in November.

Although there are no appellate cases on point, there is dicta in McKinley v. Luzerne Township School District, 383 Pa. 289, which is relevant to the present issue. There the school district on March 7, 1953, fixed the tax collector's compensation at five percent. The primary election was held in May of 1953, and the final election was held in November of 1953. The tax collector took office in January, 1954. In May of 1954, a group of taxpayers filed a bill in equity seeking a reduction in the rate of compensation. The Supreme Court sustained the lower court's decree which reduced the tax collector's compensation. The basis of the decision was that a court may under certain circumstances adjust the compensation of a tax collector. However, Mr. Chief Justice Horace Stern said at page 292:

"In view of the ten-day provision, the Board of School Directors could not have reduced Broadwater's compensation by ordinance or resolution later than August 21, 1953 . . ."

In other words, the court computed the ten-day period of the Local Tax Collection Law and the 65-day period of the Election Code from the November election, not the May election. *Thus, it construed the term "municipal election" as the November election.*

Applying this interpretation to the instant case, we conclude that since the final election was held on November 5, 1957, and since the last day for a candidate to withdraw from that election would have been September 3, 1957, this being 65 days previous to the election day as set forth in section 978 of the Election Code, the action of the school board on July 10, 1957, was ten days prior to September 3, 1957, and valid.

Plaintiff relies on Bacak v. Kendig, 4 D. & C. 2d 118.

We agree with that court's conclusion that the school board's action was invalid since the reduction in compensation was attempted after the November election and after the tax collector was in office. However, we disagree with that court's statement that the ten-day limitation is measured from the date for withdrawing as a candidate from a *primary election*.

Accordingly, defendants' preliminary objections will be sustained and the complaint will be dismissed.