## Mohn v. Governor Mifflin School District

*Mabel Ditter Sellers*, for plaintiffs.
*John M. Stott*, for defendants.

WESNER, *Chancellor*, November 24, 1980—Plaintiffs filed a complaint in equity challenging the validity of a resolution of the Governor Mifflin School Board, adopted January 10, 1977, which, inter alia, established a new rate of compensation for the tax collectors. Hearings on the matter were held on September 9 and 10, 1980.

### STATEMENT OF ISSUES

Is the amount of compensation fixed by the Governor Mifflin School Board so inadequate so as to render the action a capricious abuse of discretion?

Did Governor Mifflin School Board act beyond its legal authority in adopting this resolution, or any part thereof, so as to render the resolution void as a matter of law?

### FINDING OF FACTS

Plaintiffs were taxpayers and duly elected tax collectors in the Governor Mifflin School District at the time this suit was filed.

Defendant, Governor Mifflin School District, is a duly constituted school district of the Commonwealth of Pennsylvania, comprising the townships of Cumru and Brecknock and the boroughs of Shillington, Kenhorst, and Mohnton, with its principal administrative office in Shillington.

Defendant school board is the duly constituted governing body of Governor Mifflin School District.

By virtue of their offices, township and borough tax collectors are charged with the duty of collecting taxes levied by defendant Governor Mifflin School District in their respective townships and boroughs.[1]

The remuneration of tax collectors for the collection of school taxes is determined by resolution of the school board,[2] which must be adopted for the ensuing term of office prior to February 15 of the election year.[3]

On January 10, 1977, the School Board of Governor Mifflin adopted a resolution fixing compensation for elected tax collectors for the term commencing January 1, 1978, reading in part as follows:

"1. The compensation for all elected tax collectors collecting taxes for the Governor Mifflin School

---

1. ". . . the tax collector of townships shall collect all . . . taxes levied within townships by authorities empowered to levy taxes." 53 P.S. 65570. "The tax collector shall be the collector of . . . taxes levied within the borough by the authorities empowered to levy taxes." 53 P.S. 46086.

2. ". . . In the case of school district taxes, the commission or compensation of the tax collector shall be determined by the board of school directors. . . ." 72 P.S. 5511.35.

3. "When any taxing district or taxing authorities prepare to either raise or reduce compensation or salary for the office of elected tax collector, such action shall be by ordinance or resolution finally passed or adopted prior to the fifteenth day of February of the year of the municipal election." 72 P.S. §5511.36a.

District shall be determined by multiplying the number of real estate tax notices and per capita resident tax notices by ten cents.

"2. The Governor Mifflin School District will calculate, prepare and mail all tax notices.

"3. All elected collectors *may* appoint the approved district deputy as their deputy collector. (Emphasis supplied.) Collectors appointing deputies will not be responsible for Items 7, 8, 9 and 10."[4]

Plaintiffs protested to the school board both the remuneration and the tax collection plan comprised in the resolution, but the school board refused to reconsider its action.

On March 3, 1977, plaintiffs filed a complaint in equity challenging the validity of this resolution.

---

4. There are 12 paragraphs to this resolution. Paragraphs 4, 5, 6, 11 & 12 are not at issue. Paragraphs 7 through 10 are as follows: "7. During the discount and flat period (July thru October), elected tax collectors shall make daily deposits of all taxes collected in the name of the school district. Thereafter deposits shall be made monthly. At no time should an elected tax collector have more than $5,000 in his personal tax account.

"8. All elected tax collectors are to close their monthly report records on the 30th of each month, and to have their reports in the hands of the treasurer of the school district by the third working day of the month.

"9. All elected tax collectors shall make a reasonable effort to collect each taxable item provided on the tax duplicate. Reasonable effort shall include among other things, wage attachments as required by law. Exonerations of elected tax collectors will not be approved by the board until all elected tax collectors comply with Section 20 of the Local Tax Collectors Law. Exonerations will be granted only in accordance with Section 26 of said law. (1945 P.L. 1050 Sections 20 and 26).

"10. No commissions or compensations shall be paid on interim taxes other than as determined in Item 1 above."

## DISCUSSION

Plaintiffs first allege that the compensation established by the school board is entirely inadequate, and that the board abused its discretion and acted arbitrarily, making no attempt to set the compensation at a level commensurate with the duties and responsibilities of the tax collector.

The board of school directors has the statutory authority to set the rate of compensation for tax collectors. However, the power given to school boards to fix the compensation is discretionary, it is not unlimited, and the courts may and should intervene when it clearly appears that the school directors were guilty of an abuse of discretion. Abington School District. v. Yost, 40 Pa.Commw. 312, 397 A.2d 453 (1979).

The question then becomes one of whether or not the amount of compensation fixed by the board was, in fact, so entirely inadequate so as to render the action a capricious abuse of discretion. We so find.

Mr. Zeigler, Adminstrative Assistant for Business Affairs in the Governor Mifflin School District, testified that the school district was making an effort to reduce the cost of tax collection. A survey of tax collection costs in various counties revealed that Coatesville School District had a lower tax collection cost than Governor Mifflin. After visiting Coatesville, the president of the school board and Mr. Zeigler recommended that Governor Mifflin School Board adopt a method of tax collection similar to that of Coatesville. Pursuant to this plan, the board reduced the tax collectors' compensation.

The schoool board believes that this is adequate compensation for the limited responsibility of the tax collectors due to the fact that most of their duties were to be assumed by the school district and by

the deputy collector. This argument must fail for two reasons.

First, it is not within a school board's power to reduce the cost of tax collection by eliminating the duties of an elected official, substituting a system they believe to be more efficient. The Local Tax Collection Act sets out the duties of local tax collectors which includes sending out tax notices.[5] Paragraph 2 of the school board's resolution provides that the school district, to the exclusion of the taxpayer, will prepare and mail all tax notices. This is in direct contradiction of the statute, and, therefore, this paragraph is null and void as a matter of law.

Nor can the school board accomplish by economic coersion what they cannot otherwise accomplish, by setting the compensation so low that the tax collectors are forced to either relinquish their duties or work for a mere pittance. When paragraph 3 of the resolution was adopted the school board clearly contemplated that the bank approved by them would be deputized by the tax collectors. Although detailed instructions were set out in paragraphs 7 through 10 for those tax collectors who did not appoint the approved deputy, we note that no additional compensation was provided for those tax collectors who chose to do this work themselves.

The stipulated compensation may or may not be adequate if the tax collectors delegate the collection process to a bank, as well as the filing process to the school district, but they cannot be forced to do so. Obviously ten cents per tax bill was never intended to be adequate remuneration to the tax collectors for fulfilling the duties of the office.

There is not the slightest indication that the legislature intended the local taxing authorities to have

─────────

5.  72 P.S. §5511.6

the power to reduce compensation as a means of reforming to their satisfaction the system of local tax collections, already comprehensively provided for in the statute. Abington, supra. Unless and until the legislature changes the tax collection laws, school boards must establish rates of compensation based on the assumption that the tax collectors will perform the duties assigned to them by law, which includes sending out tax notices and collecting the taxes.

It is, however, within the power of the school board to determine that different rates should be paid tax collectors based upon a variety of factors incident to each district. Slavich v. Conemaugh Valley School District, 39 Pa.Commw. 352, 395 A.2d 644 (1978). Therefore, alternate rates may be established for tax collectors who elect to deputize a bank to collect the taxes, or to utilize any services offered by the school district, but the choice must remain with the tax collector.

It now remains for this court to decide how the rate of compensation to be paid the tax collectors for the existing term shall be determined. It is clear that the new rate of compensation must be approved by a decision of the court, based upon adequate findings of fact. The "Local Tax Collection Law" prohibits the school board from unilaterally resetting the compensation of tax collectors during their term of office.

Plaintiffs contend that the entire resolution is void because the provisions are not severable, and that the prior level of compensation should therefore remain in effect. We decline to declare the whole resolution void on its face on the basis that the paragraphs are not severable.[6]

_____

6. Paragraph 5, for instance, establishes the discount rate and the time period during which this rate applies, as well as

Nor are we persuaded by plaintiffs' argument that the prior level of compensation should remain in effect. We do not think justice would best be served by such an order. The tax collectors have a right to be adequately compensated for performing the duties of their elected office; they do not have a right to be compensated at the prior rate, if indeed, that rate was excessive. As we have no evidence concerning the prior rate or its reasonableness, we have no basis for re-establishing the rate set by the school board prior to the rate which we are striking down in this case.

After a thorough review of the cases dealing with the fixing of compensation, we note the handling of the matter by the lower court in McKinley v. Luzerne Township School Distrct, 18 Fayette L.J. 1, wherein the court stated:

"It will not rest with the school board to fix the collector's commission or compensation by a resolution not inconsistent with this adjudication. Our decree will enable us to retain control of the case and to modify the new resolution . . . the ends of justice will be served thereby." McKinley at 6. The lower court's decision was affirmed by the Supreme Court at 383 Pa. 289, 118 A.2d 137 (1955).

This disposition seems desirable for another reason. It is now almost four years since this resolution was passed. Defendant school board is faced with setting the compensation for the next term before February 15, 1981. We believe the facts necessary to establish a reasonable rate of compensation can best be found by the school board. Based on those findings, and the guidelines set out in this decree,

the time period during which payment of taxes shall be at the face amount.

the school board shall set a reasonable rate of compensation and submit it to this court for approval.

## CONCLUSIONS OF LAW

1. The board of school directors has the statutory authority to set the rate of compensation for tax collectors.

2. The power given to school boards is not unlimited, and the courts may and should intervene when it clearly appears that the school board abused its discretion.

3. The action of defendant school board in fixing the tax collectors' compensation at ten cents per bill constituted an abuse of discretion which is subject to review and correction by the court.

4. Sending out tax notices and collecting the taxes are statutory duties of the tax collector that cannot be arrogated to another by the school board.

5. The action of defendant school board set forth in paragraph 2 of the resolution, arrogating to the school district the duties of preparing and mailing tax notices, is null and void inasmuch as this was beyond the legal authority of the school board and its directors.

## DECREE NISI

And now, November 24, 1980, it is ordered and decreed that:

1. The school board shall reconsider the matter of the tax collectors' compensation in a manner which is not inconsistent with this adjudication.

2. The school board shall submit to this court for its approval proposed rates of compensation which shall be determined after considering the following circumstances.

(a) Where the tax collector prepares and mails the bills, and collects and deposits the taxes.

(b) Where the tax collector prepares and mails the bills, and deputizes a bank to collect the taxes.

(c) Where the tax collector requests the school district to prepare the bills, but the tax collector checks, stuffs and mails the bills and collects and deposits the taxes.

(d) Where the tax collector requests the school district to prepare the bills, the tax collector checks, stuffs and mails the bills, and deputizes a bank to collect the taxes.

(e) Where the tax collector requests the school district to prepare and mail the bills, and the tax collector collects and deposits the taxes.

(f) Where the tax collector requests the school district to prepare and mail the bills, and deputizes a bank to collect the taxes.

3. By a further order of the court, compensation due the tax collectors shall be awarded based on the system of tax collection selected by the tax collector.

4. The resolution of this case will be aided if the court receives the school board's findings within 45 days.

5. The school district shall pay the costs of this proceeding.

Exceptions shall be filed within ten days after notice of the filing of this adjudication, otherwise this decree shall become absolute as of course.