# Baldwin *versus* City of Philadelphia.

1. A municipal ordinance is not a "law" within the meaning of article III. section 13 of the constitution of Pennsylvania. Hence, the councils of a city may by the passage of such ordinance increase the salary of a municipal officer during his term of office.

2. Whether the chief commissioner of highways for the city of Philadelphia is a "public officer" within the meaning of said section of the constitution, not decided.

[Baldwin v. City of Philadelphia.]

November 12, 1881. Before SHARSWOOD, C. J., MERCUR, PAXSON, TRUNKEY and STERRETT, JJ. GORDON and GREEN, JJ., absent.

Error to the Court of Common Pleas No 3 of *Philadelphia County* : Of July Term 1881, No. 33, Eastern District.

Amicable action in debt, by William Baldwin against the City of Philadelphia to recover a sum alleged to be due plaintiff for salary as chief commissioner of highways for said city.

The following case stated was submitted to the court :—

" By an ordinance of the councils of the City of Philadelphia, approved December 23d 1874, the Department of Highways, Bridges and Sewers for the city of Philadelphia was constituted, consisting of a chief commissioner and six assistants. The former at a salary of four thousand dollars per annum, and the latter each two thousand dollars per annum. The chief to be elected by viva voce vote of councils in joint convention, to serve for two years, and with power to appoint his assistants, whose duty was to superintend all work done on the bridges, culverts, sewers and highways in the city of Philadelphia, and enforce all ordinances relating to said department.

" By an ordinance of said councils, approved the twelfth day of December 1876, it was provided that 'the chief commissioner of highways shall hereafter be elected for the term of three years.' On January 1st 1877, the plaintiff was elected by city councils aforesaid, in joint convention, chief commissioner of the highways for three years from that date, and re-elected in like manner on December 30th 1879, for three years. By an ordinance of said councils, approved the nineteenth day of December, 1877, making an appropriation for 1878, to said department, item one provides, inter alia: 'For salaries of the officers of said department: chief commissioner, three thousand six hundred dollars.' The plaintiff's salary was thus reduced during his term of office ; and for the year 1878, and thereafter he received but thirty-six hundred dollars per annum. By ordinance approved the thirty first day of December 1880, making an appropriation to the department of highways, it was provided, inter alia, in item one as follows: 'For salaries of officers of the department: chief commissioner, forty-five hundred dollars.' The plaintiff's salary was thus increased during his term of service as chief commissioner of highways. It is admitted that if the increase made by the above ordinance was lawful, that then the sum of three hundred and seventy-five dollars was, and is due and owing by defendant to plaintiff as his salary for the month of January 1881, and that the city has refused to pay the same.

" It is agreed, that if the court shall be of opinion upon the facts of this case that the plaintiff is not a public officer within

[Baldwin *v.* City of Philadelphia.]

the meaning of article III. section 13 of the Constitution of the state of Pennsylvania, so that his salary could be lawfully increased during the period for which he was elected, that then judgment shall be entered for plaintiff in the sum of $375, and if the court shall be of opinion that he is a public officer, and that his salary could not lawfully be increased as aforesaid, that the judgment shall be entered for plaintiff in the sum of 300."

The court entered judgment for the plaintiff, Baldwin, in the sum of $300.

A similar case was submitted to the court, wherein William Dixey, the commissioner of the city property, was plaintiff and City of Philadelphia defendant.

Ludlow, P. J., filed the following opinion :—

" Two cases have been submitted to the court, both of which involve the consideration of the same question, and both will be decided in the present opinion.

" The plaintiffs are officers of the City of Philadelphia: one is ' The Commissioner of Highways,' and the other ' The Commissioner of the City Property.' Both have been elected by councils, are paid by virtue of ordinances legally adopted, both are serving for the terms designated by law, both receive moneys belonging to the municipality, and both, pending their respective terms of office, have, by virtue of the action of councils, been authorized to receive additional remuneration.

" Does the constitution of the Commonwealth prohibit this increase of salary?

" That is the question now to be determined. By article III., § 13, of the Constitution, it is provided that " no law shall extend the term of any public officer, or increase or diminish his salary, or emoluments, after his election or appointment.'

" It is manifest that the decision of these cases turns upon the true meaning of the words ' public officer ' in the constitutional provision.

" It is to be observed that ' The City of Philadelphia ' is a municipal, and therefore a public and not a private corporation, and it exists by virtue of the sovereign authority of the Commonwealth. The corporate authority of the city was created for the benefit of the people, and the duties of its legislature, and of all its officers, are in one sense public duties.

" The great departments of the government, such as its ' Police ' and ' Fire Departments,' ' Commissioner of Highways,' of ' City Property,' and the like, exist for a public purpose, and wherever money is to be collected, it is to be used, not for private gain or emolument, but for a public use.

" It does not necessarily follow that every person engaged in

the service of the city, no matter how humble the employment may be, is a public officer, but it is, we think, very plain, that if the functions performed by an employé are of a public character; if he handles the public money, or performs public duties for the municipality, he is public officer.

"Indeed, upon this distinction rests the principle now settled, that the city is not liable for many acts of her police officers, firemen, surveyors, &c. See Elliot v. City, 7 Phila. Rep. 128; Freeman v. The City, 36 Legal Intell. 148; Rosenberry v. City, 7 W. N. C. 558.

"It may be admitted to be the law, that in the 'usurpation of a municipal or corporate office, no franchise or liberty of the Commonwealth is invaded or withheld,' as was decided in Commonwealth v. Burrell, 7 Barr 37, and that 'a quo warranto directed to one holding the office of mayor of a municipal corporation may be prosecuted by a private relator:' Commonwealth v. Jones, 12 Penna. St. 367. Does it, therefore, follow that such officers as the mayor, city solicitor and receiver of taxes, are not public officers? True, as was said in Kilgore v. Magee, 4 Norris 411, 'this act (respecting the treasurer of Pittsburgh) concerns a municipality—a division of the state for governmental purposes—and falls within the power of repeal and revision;' but that decision did not determine the question now before us, and only re-affirmed in substance the old doctrine that the creature is not greater than the creator, and is therefore the subject of legislative will.

"It seems to us that our appellate tribunal, in Commonwealth v. Evans, 24 P. F. Smith 139, after declaring that it is a difficult matter to distinguish between a public officer and a person employed by the government to perform some special service by contract, announced the doctrine when it declared, 'We are of the opinion that all persons who by authority of law are entrusted with the receipt of public moneys, through whose hands money due to the public, or belonging to it, passes on its way to the public treasury, must be so considered, by whatever name or title they may be designated in the law authorizing their appointment, and whether the service be special or general, transient or permanent.' Commonwealth v. Evans, it may be argued, was a case which involved the liability of a special agent appointed by the governor; but, in principle what distinction can be made between that case and the present? The municipality is a public corporation, the moneys paid to it are moneys paid for public purposes to 'a division of the state for governmental purposes,' and to officers who are appointed to receive it. All is done under the authority of law, and the money collected is designed to go into the public treasury.

If the Legislature of the Commonwealth and her executive

[Baldwin *v.* City of Philadelphia.]

cannot by any legal device inflict upon the state officers, who shall be quasi private officers, can it be possible that the creature of the sovereign power, to wit, the municipality, may create officers, who, while handling the princely revenues of the first city in the Commonwealth, shall escape, upon the merest of technical constructions, the commands of the Constitution?

" One other thought as to the construction to be placed upon the constitutional provision before we close this opinion.

" In Heydon's Case, 3 Rep. 18, the judges resolved, " that the true way to arrive at a sound construction of a doubtful statute is to consider the old law, the mischief, the remedy, and the true reason of the remedy.' This principle has received the sanction of our highest tribunal (see Commonwealth *v.* Burrell, supra), and it is therefore our duty, in looking at a constitutional provision, to apply it.

" The old organic law unfortunately neglected, in most instances, to guard the public treasury. The mischief was apparent, and the remedy applied had to be stringent. It is needless to refer to the reason, for that is so clear that it requires no comment. The old law was the former constitution, and the language of such an instrument, as well as the new one, is not to receive a technical construction, like a statute, but is to be read and construed according to the natural and usual meaning of the words used. When we declare that the salaries of 'the Commissioner of Highways,' and 'the Commissioner of City Property,' cannot be 'increased or diminished,' after their election, and during the current terms, we only give a natural interpretation to the language of the constitution, which makes this provision applicable to 'public officers.'

" As the officers whose cases are now before us would receive but a reasonable and fair salary under the ordinances of councils, we regret in these particular cases the conclusion at which we have arrived, but we have but one duty to perform, and that is to enforce the sovereign will of the people, as embodied in the Constitution of the Commonwealth.'

The plaintiff took this writ of error, assigning for error the entry of judgment on the case stated for $300, instead of for $375 ; and the decision of the court that the plaintiff was a public officer within the meaning of article III., § 13, of the Constitution of Pennsylvania, and that his salary as such could not be lawfully increased during the period for which he was elected.

*George S. Graham*, for the plaintiff in error.—" Public officers," within the meaning of the constitution, are officers of the state, appointed by the governor or elected by the people of the state : Commonwealth *v.* Burrell, 7 Barr 37; Common-

[Baldwin v. City of Philadelphia.]

wealth v. Jones, 2 Jones 367; People v. Devlin, 33 N. Y. 269; Conner v. The Mayor, 1 Seld. 285; Evans v. Commonwealth, 24 P. F. S. 124. The plaintiff is not such an officer, but is only the servant of a municipal corporation appointed by the city councils.

The words of the constitution, " no *law* shall be passed," occurring as they do in an article on its face designed to direct and control the legislation of the state, and denominated " legislation," do not apply to an ordinance of council. An ordinance of council is not a law, and cannot, therefore, be within its meaning. The first section of this article, by its reference to " either house," shows the relation of the whole article to the Legislature of the Commonwealth. The 13th section of this article is no more applicable to councils than is the 1st. Justice GORDON, in the case of Railroad v. Ervin, 7 W. N. C. 73, says that a "law emanates from the supreme power. An ordinance is but a mere police regulation enforceable by fine or penalty." The councils of Philadelphia cannot pass a law; hence the ordinance increasing the plaintiff's salary, not being a law, is not within the meaning of the article in question.

*Charles B. McMichael* and *William Nelson West*, city solicitor, for the defendant in error.—The language of the constitution is to be construed in a broad and popular rather than in a legal or technical sense, and when it declares " no law shall extend the term of any public officer," etc., the court is not warranted in confining the term " law " to a general Act of Assembly, or the term " public officer " to an officer elected by the people of the entire state. The term " law " in its broad sense includes an ordinance of councils, which is a law to the citizens of the municipality; and if the functions of a city official are of a public character, if he handles public moneys for the municipality and has charge of highways (which are public to all citizens of the state), he is a public officer in the constitutional sense: Donohugh's Appeal, 5 W. N. C. 196; Alcorn v. City of Philadelphia, 8 Wright 352; Dean v. New Milford Twp., 5 W. & S. 545; Erie City v. Schwingle, 10 Harris 384; Freeman v. City of Philadelphia, 7 W. N. C. 45; Dillon on Munic. Corp. §§ 5, 22, 233; Commonwealth v. Evans, 24 P. F. S. 124; Southwark R'y Co. v. City, 11 Wr. 314; Phila. & Trenton R. R. Co., 6 Whart. 25; Branson v. City of Philadelphia, 11 Wr. 329.

Mr. Justice PAXSON delivered the opinion of the court, November 17th 1881.

It appears, from the case stated, that when the plaintiff was

[Baldwin *v.* City of Philadelphia.]

first elected chief commissioner of highways for the city of Philadelphia, the salary of the office was $4,000 per annum. Subsequently, and during his first term of said office, the salary was reduced to $3,600. This reduction was acquiesced in by the plaintiff, no one doubting the power of councils to make it. During his second term councils increased his salary to $4,500, which increase the city declined to pay, and it forms the subject of this contention.

The court below held that the plaintiff was a public officer within the meaning of section 13 of article III. of the Constitution, which declares that, " No law shall extend the term of any public officer, or increase or diminish his salary, or emoluments, after his election or appointment."

We need not discuss the question whether the plaintiff is a public officer, as it is not necessarily involved in the case. The error into which the learned judge below inadvertently fell was in applying the above section of the constitution to this case. The language of that instrument is: " No *law* shall . . . increase or diminish his salary," &c. The word "law" has a fixed and definite meaning. In its general sense it imports " a rule of action " ; in the particular sense in which we are now considering it, it means, " a rule of civil conduct, prescribed by the supreme power in the state, commanding what is right, and prohibiting what is wrong." Blackstone. A law is an emanation from the supreme power, and cannot originate elsewhere. It is a rule which every citizen of the state is bound to obey.

The ordinance of councils by which the plaintiff's salary was increased is not a law, and therefore does not come within the constitutional prohibition. It is a mere local regulation for the city of Philadelphia. It has perhaps the force of law in the community to be affected by it, but it is not prescribed by the supreme power, it concerns only a subdivision of the state, and does not rise to the dignity of a law.

There is no ambiguity in this section of the Constitution. It is clear and explicit. But when we consider it in connection with the other portions of the 3rd article, there is no room for doubt. It is the article upon " Legislation," and is very elaborate. It contains thirty-three sections, and is throughout a restraint upon the powers of the general assembly. It imposes numerous restrictions upon the mode by which laws shall be passed, and prohibits legislation upon a large variety of subjects. When, therefore, section 13 declares that "no law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment," the obvious meaning is that the General Assembly shall not pass such a law. There is nothing in the article, even by implication, that would justify us in extending the word "law" to the ordinances

of a city. Such an interpretation would not be expounding the constitution; it would be altering it.

> The judgment is reversed and judgment is now entered in favor of the plaintiff for the sum of $375.