## Davis, Appellant, *v.* Homestead Borough.

*Constitutional law—Public officers—Compensation—Burgess.*

1. A borough ordinance passed under the authority of the Act of April 23, 1909, P. L. 154, fixing the salary of the burgess, is merely a municipal regulation, and not a law within the meaning of art. III, sec. 13, of the constitution of Pennsylvania which declares that "no law shall extend the term of any public officer, or increase or diminish his salary or emoluments after his election or appointment."

2. A burgess is not a public officer.

Argued April 21, 1911.   Appeal, No. 140, April T., 1911, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., Jan. T., 1911, No. 311, for defendant in case of T. L. Davis v. Homestead Borough.   Before RICE, P. J., HENDERSON, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Case stated to determine plaintiff's right to certain fees and costs.   Before FRAZER, P. J.

The opinion of the Superior Court states the case.

*Error assigned* was in entering judgment for defendant on case stated.

*Albert B. Smith*, with him *L. K.* and *S. G. Porter*, for appellant.—Plaintiff is a public officer.   We find no fault with the law as laid down in Baldwin v. Philadelphia, 99 Pa. 164, but contend that it does not rule the case at bar because the ordinance of the borough of Homestead cannot be separated from the act of assembly which authorized it, both of which were passed after the election of the plaintiff.

*George W. Brawner*, with him *John F. Cox, John Braden McAdoo* and *John Kulamer*, for appellee.—A municipal ordinance is not a "law" within the meaning of sec. 13, art. III, of the constitution, and the ordinance in question can be enforced as affecting the appellant: Klinger v. Bickel, 20 W. N. C. 353; Locke's App., 72 Pa. 491.

The case at bar is not ruled by Richie v. Philadelphia, 37 Pa. Superior Ct. 190, 225 Pa. 511, for the reason that the officer whose salary was sought to be changed in Richie v. Philadelphia was a public officer within the meaning of the constitution, while in the case at bar, the burgess is not a public officer.

OPINION BY ORLADY, J., July 13, 1911:

By the case stated it appears that the plaintiff was elected burgess of the borough of Homestead, in Alle-

gheny county, in February, 1909, for a term of three years, and was inducted into office on or about March 1, 1909, from which date he held and still holds the office of burgess.

Under the provisions of the act of assembly in force at the time he became burgess, he was entitled to certain fees and costs in the exercise of his jurisdiction and authority in the enforcement of borough ordinances, as well as in the collection of fines and penalties imposed under the same. By the act of assembly, dated April 23, 1909, P. L. 154, the councils of the several boroughs in this commonwealth, were empowered to fix, by appropriate ordinance, the salary to be paid annually out of the borough treasury, to the burgess of such borough. And by the third section it is provided that such salary "shall be in lieu of all costs and fees allowed a burgess by existing law; which costs and fees shall be collected by such burgess, and turned into the borough treasury monthly, together with a sworn statement of the same."

On July 11, 1910, the defendant borough enacted an ordinance under the provisions of the act just quoted, providing that the salary of the burgess of the borough of Homestead should be fixed at the sum of $900 per year, and that the salary "is hereby declared to be in lieu of all costs and fees collected by said burgess by authority of law, and the burgess shall pay all costs and fees by him collected into the treasury of the borough of Homestead." The plaintiff collected fees and costs, etc., to the amount of $560.35, from August 27, 1910, to November 1, 1910, and on demand by the proper officer, this amount was paid into the borough treasury, under protest. This case stated was submitted to determine whether the act of April 23, 1909, and the ordinance of the council fixing the salary of the plaintiff after his election, at the sum of $900 per year, is in violation of art. III, sec. 13, of the constitution of Pennsylvania. The learned court below held that the ordinance in question is but a municipal regulation, and not a law within the meaning of the con-

stitutional prohibition, and as such it is valid and binding upon the plaintiff, and thereupon entered a judgment for the defendant.

There have been a number of acts of assembly relating to the authority of boroughs to prescribe by ordinance, the salary to be paid out of the borough treasury to the burgess in lieu of fees, fines and costs. The first is the Act of April 13, 1876, P. L. 27, which is amended by the Act of June 24, 1895, P. L. 255, and the Act of April 7, 1905, P. L. 116, which is amended by the Act of April 15, 1907, P. L. 61. The act of 1909 is but a re-enactment of the former ones, and is the same in substance except that it provides that such salary, when so fixed by ordinance, shall not be changed during the term of an incumbent.

The force and effect of such an ordinance is fully considered and definitely determined in Baldwin v. Philadelphia, 99 Pa. 164, in which the salary of the mayor of the city was involved. In that case it was held, "The ordinance of council by which the plaintiff's salary was increased is not a law, and therefore does not come within the constitutional prohibition. It is a mere local regulation for the city of Philadelphia. It has, perhaps, the force of a law, in the community to be affected by it, but it is not prescribed by the supreme power, and it concerns only a subdivision of the state, and does not rise to the dignity of a law. There is no ambiguity in this section of the constitution. It is clear and explicit, and when the provisions of sec. 13, art. III, declares that "no law shall extend the term of any public officer, or increase or diminish his salary or emoluments after his election or appointment," the obvious meaning is that the general assembly shall not pass such a law. There is nothing in the article, even by implication, that would justify us in extending the word law to an ordinance of a city. Such an interpretation would not be expounding the constitution, but would be altering it." This construction of the effect to be given this article has been consistently followed by the Supreme Court. See Crawford Crawford v.

Nash, 99 Pa. 253; Merwine v. Monroe County, 141 Pa. 162; Klingler v. Bickel, 117 Pa. 326; McCormick v. Fayette Co., 150 Pa. 190; Edwards v. McLean, 23 Pa. Superior Ct. 43.

It is stated in P. & R. R. R. Co. v. Ervin, 7 W. N. C. 73, in reference to ordinances, that they are "but police regulations, enforceable by penalties which are recoverable by actions of debt or otherwise, as may be prescribed." It follows that such a municipality cannot pass a law; and such an ordinance as is involved in this case determining the plaintiff's salary not being a law, is not within the meaning of the thirteenth section of article three. That section applies exclusively to acts of the legislature and does not apply to ordinances of a municipality. A burgess is not a public officer, and his duties are limited to the enforcement of local regulations; he cannot be said "to exercise grave functions by virtue of his office" as burgess, and is not clothed at the time being, with some of "the power of sovereignty," to meet the requirements of a public officer as defined in Richie v. Philadelphia, 37 Pa. Superior Ct. 190; s. c., 225 Pa. 511, on which the plaintiff relies as controlling the case at bar. We do not think this case modified in any way that of Baldwin v. Philadelphia, 99 Pa. 164.

The assignment of error is overruled. The judgment is affirmed.