Frank Trinisewski et al., Appellants v. George E. Hudock et al., Appellees.

Argued April 12, 1985, before Judges DOYLE and BARRY and Senior Judge BARBIERI, sitting as a panel of three.

*Richard M. Goldberg,* with him, *Charles J. Bufalino, Jr.,* for appellants.

*Michael I. Butera,* for appellees.

OPINION BY JUDGE BARRY, June 18, 1985:

The Board of Commissioners of Luzerne County (county commissioners) appeals a decision of the Court of Common Pleas of Luzerne County concerning the constitutionality of two local ordinances.

The first of these two ordinances in question, Ordinance No. 2 of 1982, was enacted by the county commissioners on December 13, 1982. It provides a pay increase for all elected county officials effective January 1, 1983. Ordinance No. 1 of 1984 was enacted on January 31, 1984 by the newly elected county commis-

sioners. This second ordinance repealed the first one and reinstated salaries at pre-1983 levels.

The appellees are all county officials who were elected to office prior to the enactment of the first ordinance and they were all reelected to an additional term during the general election held in November of 1983. Appellees began receiving their pay increase on January 2, 1984; however, beginning February 3, 1984, the county commissioners refused to approve payroll checks which did not conform to the new ordinance. Appellees filed an action in the Court of Common Pleas of Luzerne County seeking a mandamus order directing the county commissioners to continue paying them according to the provisions of Ordinance No. 2 of 1982.

After reviewing the briefs and listening to oral arguments the trial court upheld the constitutionality of Ordinance No. 2 of 1982 because it did not attempt to increase appellees' salaries in the middle of their elected terms. On the other hand, it found Ordinance No. 1 of 1984 unconstitutional insofar as it attempted to reduce appellees' salaries after the beginning of their 1984 term of office.

The decision whether to issue a mandamus order is within the discretion of the trial court. On appeal, our scope of review is limited to a determination of whether, in reaching its decision, the trial court committed an error of law or abused its discretion. *West Penn Power Co. v. Board of Property Assessment, Appeals and Review of Allegheny County*, 80 Pa. Commonwealth Ct. 378, 471 A.2d 1285 (1984).

The county commissioners argue that 1) a mandamus action is inappropriate in this case, 2) Ordinance No. 2 of 1982 is unconstitutional and 3) Ordinance No. 1 of 1984 is constitutional and should be determinative of appellees' present salary schedule. Because these issues are identical to those presented to the trial

162

court, we affirm on the able and well reasoned opinion of Judge PATRICK J. TOOLE, JR. reported at     D. & C. 3d     .

### ORDER

Now, June 18, 1985, the order of the Court of Common Pleas of Luzerne County dated May 2, 1984 at No. 414-C of 1983 is hereby affirmed.