537 A.2d 917

Eugene P. Murphy, Michael J. Tulino, William E. Deeley, Willie Murray and Joseph R. Cahill, Appellants *v.* Edward J. Bradley, Individually and acting in his capacity as President Judge on behalf of all Judges in the Court of Common Pleas of Philadelphia County, First Judicial District of Pennsylvania, Appellee.

Argued June 10, 1987, before President Judge CRUMLISH, JR., and Judges CRAIG, DOYLE, BARRY and COLINS.

*Jack M. Bernard,* for appellants.

*Richard C. McNeill, Jr.,* Assistant City Solicitor, with him, *Hansel B. Minyard,* City Solicitor, for appellee.

OPINION BY JUDGE BARRY, February 11, 1988:

This is an appeal brought by various employees of the Court of Common Pleas of Philadelphia County (appellants) from an order of Judge JOHN A. CHERRY sitting as a visiting judge of that court. Judge CHERRY's order entered judgment in favor of the defendant as against all of the plaintiffs. The plaintiffs appealing the order are court employees who work in the prothonotary's office of Philadelphia County.[1]

The pertinent factual scenario giving rise to the plaintiff's complaint began in 1973. In that year the Court of Common Pleas of Philadelphia County was reorganized for the purpose of paralleling the organization of the employees of the City of Philadelphia. Although the plaintiffs here are employees of the court, the court's funding, including the plaintiffs' salaries, is provided by the City. Following the reorganization certain employees, including the appellants, were found to be receiving salaries in excess of that allocated to their positions. Rather than promote these employees into positions warranting their salaries or reducing their salaries to be commensurate with their duties they were "red-circled." The red-circled employees remained in their positions and their salaries were frozen until such time as the salary for that position reached the rate they were receiving or until they were promoted out of those positions. Their pay increases were limited to longevity pay

---

[1] Five of the original plaintiffs to the complaint have appealed the trial judge's order to this Court.

increases and general pay increases granted to all court employees.[2] This provision of the new pay plan was communicated to each of the appellants at the time of reorganization in the form of a memorandum from the Chief Deputy Administrator for Management Services. That memorandum stated in pertinent part, "You . . . will receive any general pay increase granted to court employees in the future."

From 1973 through the court's fiscal year ending June 30, 1979 (fiscal year 1979) the red-circled employees received the annual cost of living adjustments granted to all court employees.

By memorandum dated June 20, 1979, President Judge EDWARD J. BRADLEY of the Court of Common Pleas of Philadelphia County[3] notified all court employees that he had advised the City's Director of Finance that he intended to apply to all court employees the benefits which had been negotiated for the city employees with their union. Among those benefits was a general pay increase for fiscal year 1980. However, by memorandum dated September 28, 1979, Judge BRADLEY notified all red-circled court employees that they would not receive the fiscal year 1980 general pay increase due to budgetary constraints and to achieve uniformity with the city's red-circled employees who had not been receiving general pay increases.

The plaintiffs initiated the present action alleging a contractual right to the general wage increase. Judge CHERRY found in favor of the defendant concluding that the plaintiffs had no contractual right to the pay increase.

The appellants raise several issues on appeal. First, they argue essentially that the trial court committed an

---

[2] Court Administration Personnel Regulation 10.5.

[3] The President Judge is charged with fixing the compensation of court personnel pursuant to 42 Pa. C. S. §§325 and 2301.

error of law in failing to find a contractual obligation on the part of the court to pay the appellants the general wage increase.

Judge CHERRY found no contractual obligation on the part of the court to pay the wage increase inasmuch as there was no consideration to support a contract. After an examination of the record we agree and the appellants do not challenge the trial court's finding with respect to a lack of consideration. Rather, they argue that the doctrine of promissory estoppel operates here to bind the court.

The doctrine of promissory estoppel as set forth in §90 of the Restatement (Second) of Contracts is the law in Pennsylvania. *Central Storage & Transfer Co. v. Kaplan,* 487 Pa. 485, 410 A.2d 292 (1979), *Murphy v. Burke,* 454 Pa. 391, 311 A.2d 904 (1973). The Restatement provides:

> §90. *Promise Reasonably Inducing Action or Forbearance*
>
> (1) A promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce action or forbearance is binding if injustice can be avoided only by enforcement of the promise. The remedy granted for breach may be limited as justice requires.

The record in this case evidences no justifiable reliance by the appellants on either the 1973 memorandum or Judge BRADLEY's June 20, 1979 Memorandum. Each of the appellants testified at the trial of this case. Some of them specifically testified that they had taken no action in reliance on the memos but only that they had an expectation of the receipt of a general wage increase. Their testimony referred only to the general expectation that a wage increase would raise their standards of living or would affect their pensions upon retirement.

Accordingly, with respect to appellants Murphy, Tulino, Deeley and Cahill a case for promissory estoppel has not been established inasmuch as the record is devoid of any evidence that they acted in reliance on the alleged promise of a raise as is required by §90 of the Restatement (Second) of Contracts.

Appellant Murray has also failed to establish a case for promissory estoppel. He testified that he applied for a mortgage in July of 1979 based upon his expectation of a pay increase. However, Mr. Murray also testified to the effect that he was uncertain as to whether the employement verification portion of the mortgage application completed by his employer on July 6, 1979, reflected his salary with or without the inclusion of the proposed wage increase. Further, there was evidence in the record that in the past the appellants were not certain as to whether they would receive the increases or what the amount would be until the same was reflected in their paychecks. On at least one occasion, *i.e.*, fiscal year 1979, the increase was not actually paid until the October following the announcement of the raise in June. Accordingly, we find that Mr. Murray's act of applying for a mortgage under these circumstances does not constitute an action giving rise to promissory estoppel inasmuch as there can be no estoppel where a complainant's act is caused by his own mistaken judgment. *Blofsen v. Cutaiar,* 460 Pa. 411, 333 A.2d 841 (1975). We find that it was mistaken judgment for Mr. Murray to have applied for a mortgage based upon the expectation of a wage increase prior to having that increase reflected in his paycheck.

Based on the foregoing, we affirm the trial court as to the contract issues which were presented in this case.

In addition to the contract issues the appellants raise a constitutional issue, that is, whether the President Judge of a Court of Common Pleas is proscribed by Ar-

ticle III, Section 27 of the Pennsylvania Constitution from suspending an announced general wage increase as it applied to court employees in the Philadelphia County Prothonotary's office.

This issue was not raised below. The general rule is that, " 'Matters not raised in, or considered by, the court below cannot be invoked on appeal even though they involve constitutional matters.' " *Altman v. Ryan*, 435 Pa. 401, 407, 257 A.2d 583, 585 (1969) *quoting Montgomery County Bar Association v. Rinalducci*, 329 Pa. 296, 298, 197 A. 924, 925 (1938). However, the facts in this case involve the appropriation of public funds and therefore concerns a question of public policy. *Kestler Appeal*, 66 Pa. Commonwealth Ct. 1, 444 A.2d 761 (1982). Accordingly, the public policy exception to the general rule is applicable and we will address this issue although it was not raised before the trial court. *Muse-Art Corp. v. Philadelphia*, 373 Pa. 329, 95 A.2d 542 (1953).

Article III, Section 27 of the Pennsylvania Constitution provides, "No law shall extend the term of any public officer, or increase or diminish his salary or emoluments, after his election or appointment."

The appellants' argument for the applicability of Section 27 is concerned primarily with the question of whether they are "public officers" within the meaning of that section. We do not, however, reach that question inasmuch as we find that the action taken by the President Judge to suspend the wage increase for red-circled employees does not amount to a "law" within the meaning of Section 27.

In *Baldwin v. City of Philadelphia*, 99 Pa. 164 (1881) a city ordinance was passed which increased the salary of the chief commissioner of the city department of highways, bridges and sewers during that commissioner's term. In construing the term "law" as used in Arti-

cle III, Section 13 of the Pennsylvania Constitution of 1874,[4] our Supreme Court said:

> We need not discuss the question whether the plaintiff is a public officer, as it is not necessarily involved in the case. . . . The word 'law' has a fixed and definite meaning. In its general sense it imports a 'rule of action' in that particular sense in which we are now considering it, it means a 'rule of conduct prescribed by the supreme power in the state commanding what is right and prohibiting what is wrong.' Blackstone. A law is an emanation from the supreme power and cannot originate elsewhere. It is a rule that every citizen of the state is bound to obey.

*Baldwin,* 99 Pa. at 170.

In applying its definition, the Supreme Court found that the ordinance in question was not a "law" within the meaning of Article III, Section 13 and therefore, the prohibitions of that Section were not applicable. Given the result in *Baldwin* and the definition of "law" set forth therein, we cannot conclude that the administrative decision made by Judge BRADLEY, fully within his authority pursuant to 42 Pa. C. S. §§325 and 2301, to eliminate red-circled court employees from an annual wage increase falls within the meaning of "law" in Article III, Section 27 of the Pennsylvania Constitution.

Accordingly, we affirm the order of the trial court.

## ORDER

Now, February 11, 1988, the order of the Court of Common Pleas of Philadelphia County, at No. 4444 of 1981, dated April 7, 1986 is hereby affirmed.

---

[4] Article III, Section 13 of the Pennsylvania Constitution of 1873 and Article III, Section 27 of the Pennsylvania Constitution of 1968 are identical.